## THOMAS, ACTING ADMINISTRATOR OF THE ENVIRONMENTAL PROTECTION AGENCY, ET AL. v. SIERRA CLUB ET AL.

No. A–537.   Decided January 17, 1985*

JUSTICE REHNQUIST, Circuit Justice.

Applicants, the Acting Administrator of the Environmental Protection Agency (EPA), the EPA, and the Idaho Mining Association, ask me to stay an order of the United States District Court for the Northern District of California pending appeal to the Court of Appeals for the Ninth Circuit.   The order holds the Administrator in contempt for failing to promulgate certain emission standards for radionuclides as required by an earlier District Court order.   The controversy has reached this point due to a disagreement between the District Court and the agency over the construction of § 112(b)(1)(B) of the Clean Air Act, as added, 84 Stat. 1685, 42 U. S. C. § 7412(b)(1)(B), which governs the actions the agency must take with respect to establishing emission standards for hazardous air pollutants.   Essentially, the District Court reads the section to require the EPA either to promulgate emission standards for all sources of the pollutant previously identified by the agency or to make a specific finding that the pollutant "is not a hazardous air pollutant"; the agency believes that under the section it may establish standards for some sources but not for others.

_____

*Together with No. A–540, *Idaho Mining Association* v. *Sierra Club et al.*, also on application for stay of the same order.

Applicants seek the unusual relief of a stay from this Court pending appeal to a Court of Appeals. See *Atiyeh* v. *Capps*, 449 U. S. 1312, 1313 (1981) (REHNQUIST, J., in chambers). They have not pointed us to a conflict of authority on the issue decided by the District Court. Under those circumstances I do not think a stay is in order. Even if the Court of Appeals were to affirm the District Court I am by no means certain that four Members of this Court would vote to grant certiorari to review this statutory question.

The applications for stay are accordingly denied.